**Inderjit SINGH, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

**Nos. 04–6643–ag(L); 05–6338–ag(Con).**

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Sandro S. Paterno, Bayonne, New Jersey, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Rachel C. Ballow, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Inderjit Singh, a native and citizen of India, seeks review of two BIA orders, each denying a motion to reopen his exclusion proceedings: one dated December 17, 2004, and another dated October 24, 2005. *In re Inderjit Singh,* No. A72 474 714 (B.I.A. Dec. 17, 2004); *In re Inderjit Singh,* No. A72 474 714 (B.I.A. Oct. 24, 2005). Previously, the BIA had affirmed the September 14, 1994 decision of Immigration Judge ("IJ") Sandy Hom denying Singh's applications for asylum and withholding of deportation. *In re Inderjit Singh,* No. A72 474 714 (B.I.A. Aug. 29, 2000), *aff'g* No. A72 474 714 (Immig. Ct. N.Y. City Sept. 14, 1994). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of

discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

In Singh's case, the BIA issued multiple decisions, but only the denials of his latter two motions to reopen are now subject to review, as petitions for review are active only as to those two decisions. His petition for review of the BIA's August 2000 affirmance of the IJ's denial of asylum, which was docketed under 00–4183–ag, was dismissed in 2001 and never reinstated. Moreover, Singh's attempt to rehabilitate that petition through a claim of ineffective assistance of counsel is unavailing, because Singh neither exhausted that claim by filing a motion to reopen on that basis before the BIA, nor complied with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). Therefore, we will not address either his ineffective assistance claim or the underlying denial of asylum.

Turning to the merits of those decisions that are under review, we find that the BIA did not abuse its discretion in denying either Singh's 2004 or 2005 motion to reopen inasmuch as Singh had filed one motion to reopen previously, which had been dismissed in January 2002, both these motions were both time and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2) (an alien may file only one motion to reopen, within 90 days of the final administrative decision in his case). The regulations allow for an exception to these bars when the alien establishes changed circumstances in his home country fundamentally affecting his eligibility for asylum, see 8 C.F.R. § 1003.2(c)(3)(ii), but the BIA reasonably determined that Singh failed to establish such a change in support of either motion. Singh failed to allege changed country conditions, or to allege any new information relevant to his asylum claim in his 2004 motion. In 2005, while he alleged that India had in recent years enacted stricter anti-terrorism legislation and was using this legislation to detain and torture Sikhs in particular, the 2004 State Department report he submitted with his motion did not support these allegations. Moreover, the report did not suggest that someone in Singh's particular situation— he was allegedly arrested in 1992, at age 14, after participating in activities with a Sikh student group—was more likely in 2005 to be targeted by the police than he was at the time of his 1994 hearing.

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).